UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ERNEST DAVIS,

          Petitioner,          Case No. 1:11-cv-983

v.                                       Honorable Robert Holmes Bell

CARMEN PALMER,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner presently is confined at the Michigan Reformatory. Following a jury trial, Petitioner was convicted in the Van Buren County Circuit Court of first-degree murder, MICH. COMP. LAWS § 750.316, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On June 10, 1985, Petitioner was sentenced to life imprisonment on the murder conviction and a successive two-year prison term on the felony-firearm conviction.

**Discussion**

Petitioner filed a prior habeas petition that was denied on the merits. *See Davis v. Abramajtys*, No. 1:91-cv-426 (W.D. Mich. August 14, 1992). If Petitioner's earlier habeas action had been filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), the instant petition would be subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Under that provision, before a second or successive application is filed in

the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).

However, where, as here, the prior habeas action was filed before the 1996 enactment of the AEDPA, the second-or-successive provision does not apply. *See Cress*, 484 F.3d at 852.[1] Rather, this Court must consider whether the second or successive petition would have survived under the pre-AEDPA "abuse of the writ" standard. *Id.* That standard does not require authorization from the court of appeals. *Id.*

A habeas petition may be seen as an abuse of the writ of habeas corpus if the petitioner raises a claim in a subsequent petition that he could have raised in an earlier petition. *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). The "abuse of the writ" standard "allows a second motion containing a new claim where the inmate can 'show cause for failing to raise [the issue in the first motion] and prejudice therefrom.'" *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997) (quoting *McCleskey*, 499 U.S. at 494), *cited in Cress*, 484 F.3d at 852. In making the cause determination, the habeas court must decide "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McCleskey*, 499 U.S. at 498. To show cause, a petitioner must

---

[1] The Court observes that, before the law was entirely clear on the applicability of the second or successive provision to cases in which the first petition was filed before April 24, 1996, Petitioner filed a second habeas petition in this Court, which was transferred to the Sixth Circuit under the second-or-successive provision. *See Davis v. Howes*, No. 1:97-cv-343 (W.D. Mich. Sept. 16, 1997) (docket #10). The Sixth Circuit ultimately denied Petitioner's motion for an order authorizing a second or successive petition. *See id.* (docket #12).

demonstrate that, at the time he filed his first habeas petition, he conducted "a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . . ." *Id.* In order to show prejudice, a petitioner must demonstrate that the alleged constitutional error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Tolliver v. Sheets*, 594 F.3d 900, 924 (6th Cir. 2010) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

Here, Petitioner makes no attempt to show either cause for failing to raise the instant grounds in his first petition or prejudice resulting from the alleged constitutional violation. Petitioner claims that the state court lacked jurisdiction to charge and try him for his offenses because he, "Ernest Joseph Davis" is an "American National/Sovereign," and the legal proceedings under which he was convicted were pursued against "the legal fiction: ERNEST DAVIS." (Pet., Docket #1, Page ID#1.) As to the issue of cause, questions about the trial court's jurisdiction should have been apparent to Petitioner at the time of his convictions. As a consequence, at the time he filed his first habeas petition, Petitioner unquestionably should have possessed a sufficient basis for including the claim for relief. Moreover, Petitioner cannot demonstrate the necessary prejudice because Petitioner's claims are patently frivolous. The instant petition therefore constitutes an abuse of the writ.[2]

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 as an abuse of the writ.

---

[2] Although the Court need not and does not decide the issue, the instant petition also undoubtedly is barred by the one-year period of limitations set forth in 28 U.S.C. § 2244(d).

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: <u>September 23, 2011</u>          /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE